UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOLOGY INC., <br> Plaintiff, <br> v. <br> VIA LICENSING CORPORATION, <br> Defendant. | Case No. 22-cv-01405-RS <br><br> **ORDER DENYING MOTION TO SEAL** |

Plaintiff brought this action seeking declaratory relief that it is not in breach of a certain AAC Patent License Agreement entered into between the parties in 2013 and renewed in 2018. Defendant has filed a counterclaim alleging breach of both the 2013 and the 2018 versions of the agreement. Defendant seeks leave to file copies of the two agreements under seal, as Exhibits A and B to its counterclaims. Although the sealing motion refers to "unredacted" copies of the documents, no redacted documents were submitted, and it appears likely defendant wishes to have the agreements sealed in their entirety.

The motion to seal is denied as unnecessary. A party claiming breach of contract need not disclose every factual detail of the agreement, it need only plead the essential terms. Defendant's existing allegations likely are sufficient in that regard, even without reference to the proposed exhibits. If a party wishes to guard against an argument that it has not alleged the essential terms of a contract in sufficient detail, it would be permissible to attach a copy of the agreement with any confidential information redacted. Even in that event, however, there would be no need to seek a sealing motion, because it would not be necessary to file an unredacted version, as the

redacted details would not be pertinent to whether the pleading stated a claim.

If, in subsequent law and motion proceedings in this case it becomes necessary to submit copies of the agreements, or excerpts thereof, as *evidence*, the submitting party may seek a narrowly-tailored sealing order to protect confidential information in the agreements or the excerpts. At this juncture, however, such an order is not warranted.

Although the sealing motion has been denied, defendant is *not* now obligated to file unredacted copies of the agreements in the public record. The only effect of this order is that the copies of the agreements are not part of the record.

**IT IS SO ORDERED**.

Dated: June 2, 2022

_____
RICHARD SEEBORG
Chief United States District Judge