UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOLOGY INC.,<br>            Plaintiff,<br>    v.<br>VIA LICENSING CORPORATION,<br>            Defendant. | Case No. 22-cv-01405-TLT   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 59 |

In their June 16, 2022 Case Management Statement, the parties agreed that "[t]he Parties will each be entitled to a maximum of 10 fact-witness depositions, including any corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6). A Rule 30(b)(6) notice of deposition will count as 1 deposition toward the limit. Depositions of third parties shall count toward the limit on the number of fact depositions. Each deposition will be limited to a maximum of 7 hours unless extended by agreement of the Parties." ECF No. 24.

 The parties eventually agreed that Via would depose nearly all of Synology's witnesses in a single week in Taipei. ECF No. 59 at 3 ("At Synology's insistence, Via traveled to Taiwan to depose nearly all of Synology's witnesses and corporate representatives over only five days."). Leading up to those depositions, the parties reiterated their agreement that 30(b)(6) testimony would be limited to seven hours. ECF No. 62-1 (Oswell March 4, 2023 11:17 a.m. email: "With respect to time limits for 30(b)(6) testimony, Via accepts Synology's proposed seven-hour total limit for all."). Also leading up to those depositions, Synology informed Via that "[a]s you might expect, Synology's witnesses in Taiwan are native Mandarin speakers, and most if not all will require a translator. We will have a Mandarin translator present." ECF No. 62-3 (Nguyen March 8, 2023 3:44 p.m. email). In the record before the Court on this discovery dispute, there is no

1   communication after March 8, 2023 and before the depositions calling into question the agreed

2   seven-hour time limit on 30(b)(6) deposition testimony.

3         In the joint discovery letter brief, Via raises a couple of complaints about the depositions.

4   First, Via says that all of Synology's 30(b)(6) witnesses required a translator, which added

5   significant time to each witness's testimony, particularly because Synology's "check" translator

6   corrected the main translator a significant number of times.  Second, Via contends that Synology's

7   30(b)(6) witnesses were unprepared in several areas of their testimony.  As remedies, Via requests

8   "additional deposition time" of 30(b)(6) deponent Z.P. Kao, or in the alternative evidentiary

9   sanctions preventing Synology from objecting to evidence about Synology altering or adjusting its

10  database or the other 30(b)(6) topics for which Kao had been designated.  Via also requests an

11  additional seven hours of 30(b)(6) deposition time because Synology's 30(b)(6) witnesses were

12  unprepared and because the translations took up so much time.  Via also requests monetary

13  sanctions.

14        Let's begin with the translation issue.  A month before the depositions, Via had been put

15  on notice that "most if not all" of Synology's witnesses would need a translator.  Anyone with

16  common sense understands the significant impact a translator has on a deposition:  Every single

17  question and answer needs to be spoken twice, first in the language of the speaker, and second in

18  the language of either the witness or the questioning attorney.  Further, it is a common practice to

19  bring a check translator to a deposition to keep your opponent's translator honest.  You can't say

20  with a straight face that you didn't know that using a translator would significantly slow down a

21  deposition because of course you knew that; everyone knows that.  And Synology justifiably

22  thought it had a deal that the 30(b)(6) depositions would be limited to a total of seven hours

23  because that is exactly what Via said.  The Court is not going to let Via walk away from that deal

24  just because it played out in exactly the way anyone would have expected, i.e., the translator

25  significantly slowed down the depositions.  To be sure, the agreement to a seven hour cap was

26  confirmed in a March 4 email, whereas the need for translators was disclosed in a March 8 email,

27  but once those emails were exchanged and Via did not walk back the seven-hour agreement in

28  light of the need for a translator, there was a deal.

United States District Court
Northern District of California

Via blames Synology's check translator for making so many corrections. The Court has read Kao's deposition (ECF No. 61-2), and it's true the check translator made many corrections. But whose fault is that? The Court did not see any instance in which the main translator disagreed with the check translator, and the check translator has submitted a declaration stating that that never happened. ECF No. 63-4 ¶ 3.

So, the Court will not let Via out of its agreement to cap 30(b)(6) deposition time at seven hours based on the time taken up by translation. (By the way, Synology calculates that Via actually took ten hours of 30(b)(6) deposition time, ECF No. 62 ¶ 9.) This was a known issue going into the depositions. It's helpful for parties to work out procedures in advance of depositions, particularly in a situation like this where there were multiple depositions on successive days in a foreign country. To avoid a bait-and-switch, courts should generally hold parties to their agreed procedures unless something genuinely unexpected comes up, which did not happen here, at least not with respect to the translation issue.

Now let's turn to the other issue, which is Via's argument that Synology's 30(b)(6) witnesses were unprepared. Here, there is a complete disconnect between the alleged wrong and the requested remedy. Normally, when a party claims a 30(b)(6) witness was unprepared on certain subjects, it moves to compel a further 30(b)(6) *on those subjects*. *See, e.g., Baird v. Blackrock Institutional Trust Company, N.A.*, 2019 WL 365845 (N.D. Cal. Jan. 30, 2019). Via does not ask for that relief. Instead, it asks for an additional seven hours of 30(b)(6) deposition time generally. To be clear, Via does *not* ask for an additional seven hours of deposition time *on the topics the witnesses were supposedly uneducated about*. It just asks for seven more hours, period. Further, Via's effort to show that Synology's witnesses were unprepared consists of citing to less than 25 pages of testimony from all of Synology's 30(b)(6) witnesses. ECF No. 61-3. Even if the Court shared Via's interpretation of that testimony, that would come nowhere close to justifying seven hours of more testimony.[1] Further, Via again raises the translator issue in

---

[1] The Court rules on the remedies Via requests, and does not come up with any proposals of its own, on the theory that Via is represented by capable counsel and knows what it wants. Even if the deposition excerpts in ECF No. 61-3 might have justified an hour or two of additional 30(b)(6) testimony limited to those specific topics, the Court notices that Via has not asked to fly to the

3

connection with this request for seven more hours of 30(b)(6) deposition time, making clear that this is simply a request for more time than Via had agreed to. Accordingly, the Court denies Via's request for an additional seven hours of 30(b)(6) deposition time.

The Court also denies Via's request for sanctions because it violates the local rules. A motion for sanctions has to be a separately filed noticed motion. Civil Local Rule 7-8.

Accordingly, Via's motion to compel and request for sanctions are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 23, 2023

THOMAS S. HIXSON
United States Magistrate Judge

---

other side of the world for one or two more hours of deposition.